**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  15-cv-00864-RM-CBS

ANDREW MOSHER, an individual
CHRISTINA MOSHER, an individual

      Plaintiffs,

v.

SAFETY-KLEEN SYSTEMS, INC., a Wisconsin corporation;
JOHN DOE SUPPLIERS

      Defendants

---

**STIPULATED PROTECTIVE ORDER**

---

      The Court, having reviewed the agreement of the Parties and confirming that good cause exists supporting entry of a protective order to protect confidential information, ORDERS:

1. Confidential Information produced or discovered in this case shall not, without the written consent of the Parties or further Court Order, be used, shown, communicated, copied, disseminated, or disclosed for any purpose except for purposes of this litigation, including any appeal(s).

2. Use for purposes of this litigation shall include use in testimony and exhibits at trial, or in connection with any motions, depositions, or witness preparation, subject to the restrictions of this Order; but shall not include use in connection with any other lawsuit, dispute or proceeding, or any research, development, manufacture, sales, or marketing of any product, or for any business or commercial purpose.

3. Confidential Information produced or discovered in this case may only be disclosed to:

    a. attorneys and attorney staff actively working on this case;

      b. Parties, including the designated representatives of parties that are legal entities;

      c. expert witnesses and consultants retained in connection with this proceeding;

      d. the Court;

      e. reporters engaged in this action;

      f. disclosed witnesses who counsel has a reasonable and good faith belief that examination with respect to the document is necessary;

      g. representatives of the Parties' insurance carriers; and

      h. others by written agreement of all Parties.

4. Confidential Information includes all medical records and medical information, employee personnel information, private financial information, trade secrets and sensitive business, commercial, technical, manufacturing, ingredient and formulaic, research, development, and marketing information, and other confidential and proprietary matters expressly designated "Confidential" by counsel of record in this matter, the disclosure of which is likely to harm, or have the tendency to harm, the competitive position of the Producing Party, or the disclosure of which would violate an obligation of confidentiality owed to a third person, including another Court.  Counsel shall make such designation only after review of the information and upon a good faith belief that the designation is appropriate because the subject information is confidential and implicates common law or statutory privacy interests.

5. This Protective Order shall apply to all Confidential Information regardless of the medium in which it is contained.

6. Prior to disclosing any Confidential Information to any person listed in ¶3, counsel shall provide such person with a copy of this Protective Order, inform the person that he or she

is bound by its terms, and confirm that such person will read this Protective Order and agree, by executing an Undertaking in the form attached as Appendix I to this Order. Within thirty (30) days after the final resolution of the case through whatever means, including any related appeals, counsel disclosing Confidential Information to any person pursuant to this Order shall provide to the respective producing Party copies of each Undertaking attached as Appendix 1 to this Order, executed by all persons to whom Confidential Information has been disclosed; except that Undertakings signed by any retained or unretained consulting experts not ultimately used at trial in this matter, shall be retained with a written certification made to the producing party by counsel that the consulting expert received and signed the Undertaking.

7. Documents or information contained in a response to an Interrogatory are designated as Confidential Information by placing or affixing (in a manner that will not interfere with their legibility) a label of "Confidential" or other appropriate notice.

8. Confidential Information may be disclosed to any witness during a deposition if the examining counsel in good faith believes it is necessary to develop its claims or defenses. Because this Order applies to all deposition witnesses, counsel disclosing Confidential Information during any deposition shall first provide the court reporter and witness with a copy of this Order and inform the witness that he or she is bound by its terms before attempting to elicit any testimony regarding Confidential Information. Portions of the original deposition transcript designated as Confidential shall be subject to the requirements of this Order.

9. Production of any information without a confidentiality designation or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will

it prevent any party from designating said documents or material "Confidential" at a later date. However, any use by the receiving party made before a post-production designation will not be a violation of this Protective Order.

10. In the event that a non-party produces documents that a Party wishes to designate as "Confidential," the party wishing to make that designation must do so promptly and with specificity. The non-designating parties shall thereafter treat the document or information in accordance with this Protective Order.

11. If any "Confidential Information" is filed with this Court, the portion of such filing containing "Confidential Information" shall be filed in a sealed envelope on which the following legend shall prominently appear:

Andrew Mosher and Christina Mosher v. Safety Kleen Systems, Inc.
U.S. District Court for the District of Colorado
Civil Action No. 15-cv-00864-RM-CBS

> **CONFIDENTIAL - This envelope contains documents or other material filed by the Parties in this matter. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.**

Such filing shall be made in accordance with the provisions of D.C.Colo.LCivR 7.2. The filing party shall identify the confidential medical, business, financial, proprietary, and/or commercially sensitive interests sought to be protected and request that the Court restrict public access to CONFIDENTIAL INFORMATION to "Level 1 Access" (limited to the Parties and the Court) pursuant to D.C.Colo.LCivR 7.2 B.5.

12. Nothing in this Protective Order shall control the use of exhibits or testimony at trial or hearing or any pre or post trial proceeding, nor prejudice the ability of any party to file or object to the admission of Confidential Information. Either party may seek an Order closing the Court to the public or restricting public access to the record (or portions

       thereof containing Confidential Information) by filing a motion consistent with the provisions of D.C.ColoLCivR 7.2 as soon as practicable, but no later than thirty (30) days before trial.

13. All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, summarize or otherwise disclose Confidential Information shall be filed under motion to restrict public access pursuant to D.C.Colo.LCiv.R 7.2 and in accordance with Section 12, and such documents shall not be publicly available, except by further order of this Court.

14. Any Party may object to a "Confidential" designation by giving written notice, which shall identify the information with specificity. If the Parties cannot resolve the objection within seven (7) days after the time the notice is received, it shall be the obligation of the designating Party to file an appropriate motion within the following seven (7) days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Once such a motion is filed, the disputed information shall be treated as Confidential Information until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

15. At any time, a Producing Party may disclose its own Confidential Information to third parties without restriction by this Order.

16. Within thirty (30) days of the conclusion of this case, and any appeal, unless other arrangements are agreed upon, information and all copies thereof which have been designated as Confidential Information shall be destroyed. This provision, however, shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as Confidential Information in this case. Compliance with this Paragraph shall be certified in writing to each of the Producing Parties.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, on November 23, 2015.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 12th day of November, 2015.

HERSHEY DECKER PLLC                JONES CARR McGOLDRICK, L.L.P.


/s/ *Kari M. Hershey*              /s/*Matthew O. Kovacs*
Kari M. Hershey                    James J. McGoldrick
Carmen N. Decker                   Amanda M. Koch
HERSHEY DECKER PLLC                Matthew O. Kovacs
10463 Park Meadows Drive Suite 209 JONES CARR McGOLDRICK, L.L.P.
Littleton, CO 80124                5910 N. Central Expressway, Suite 1700
(303)226-1669                      Dallas, TX 75206
(303)226-1668                      (214) 828-9200
kari@hersheydecker.com             (214) 828-9229 (fax)
carmen@hersheydecker.com           James.McGoldrick@jcmfirm.com
                                   Amanda.Koch@jcmfirm.com
                                   Matt.Kovacs@jcmfirm.com

*Attorneys for Plaintiffs*         **-and-**
*Andrew and Christina Mosher*

                                   Chad Knight
                                   Cash Parker
                                   HALL & EVANS, L.L.C.
                                   1001 Seventeenth Street, Suite 300
                                   Denver, CO 80202
                                   (303)628-3493
                                   knightc@hallevans.com
                                   parkerc@hallevans.com

                                   *Attorneys for Defendant*
                                   *Safety-Kleen Systems, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00864-RM-CBS

ANDREW MOSHER, an individual
and
CHRISTINA MOSHER, an individual

Plaintiff,

v.

SAFETY KLEEN CORP., a Wisconsin corporation; JOHN DOE SUPPLIERS

Defendants

STATE OF _____  )
                                                            )
COUNTY OF _____  )

      I, _____, hereby affirm, attest, and agree as follows:

1.      My business address is

3.      I agree that any information designated as "Confidential" that I receive or review in connection with this lawsuit is being provided to me pursuant to the terms and restrictions of the attached Stipulated Protective Order (the "Order").

4.      I have read and understand the Order and agree to comply with and be bound by each and every term therein.

5.      No later than thirty (30) days after final termination of this litigation, including any and all appeals, or resolution through settlement, I agree to destroy all information and documents designated as "Confidential," including all copies, extracts, and summaries thereof (and including those I prepared) and will verify in writing that all such materials have been

destroyed. Such destruction shall not relieve me from any of the continuing obligations imposed upon me by the Order.

6.   I submit myself to the jurisdiction of the State of Colorado for the limited purpose of assuring my compliance with the Order. I therefore waive all any and all objections to jurisdiction and venue in any action brought to enforce the Order against me.

 

**SIGNATURE**

 

**PRINTED NAME**

Sworn to before me this
_____ day of _____, 201__.

_____
      Notary Public